540 F.Supp. 772 (1982)
R. W. T., et al., Plaintiffs,
v.
Honorable Donald E. DALTON, et al., Defendants.
No. 78-930C(3).
United States District Court, E. D. Missouri, E. D.
June 17, 1982.
Kenneth A. Cohn, Robert J. Goodwin, Michael L. Lyons, Legal Services of Eastern Missouri, David C. Howard, Adrienne E. Volenik, Howard & Volenik, St. Louis, Mo., for plaintiffs.
E. Darrell Davis, Jr., St. Charles County Counselor, St. Charles, Mo., William C. McIlroy, Bowling Green, Mo., Joel B. Eisenstein, Michael T. Londoff, St. Charles, Mo., *773 Robert E. Edwards, Troy, Mo., for defendants.

ORDER
FILIPPINE, District Judge.
This matter is before the Court on the motion of defendants Honorable Donald Dalton, Honorable David Dalton, Honorable Fred Rush, Honorable Charles Schroeder, Honorable William Lohmar, Honorable Richard Zerr, and Honorable Kathie Guyton (hereinafter referred to as "the State defendants") to alter or amend this Court's order of March 30, 1982, and on the motion of defendant Cliston Hilton to reconsider and amend the same order. This Court's order of March 30, 1982 provided, inter alia, that the plaintiff and plaintiff-intervenors were entitled to awards of attorneys' fees and costs totalling $38,977.30, and that the total award was to be borne by the defendants in the following proportions: one-half by the State defendants and a juvenile officer, Raymond Grush; one-fourth by the St. Charles County defendants; and one-eighth by each of the Lincoln County and Pike County defendants. The awards were made against these defendants in their official capacities only.
The State defendants, through an Assistant Attorney General of the State of Missouri, now make several arguments against that order. As a threshold matter, they argue that it is difficult to ascertain whether this Court intended the State of Missouri to be liable for the award against the State defendants. As noted above, this Court's order awarded one-half of the fees and costs against the State defendants and the juvenile officer in their official capacities. It is clear that in such circumstances the award may be paid from State funds, even though the State is not a party. Finney v. Hutto, 437 U.S. 678, 700, 98 S.Ct. 2565, 2578, 57 L.Ed.2d 522 (1978). It was and is the intention of this Court that the one-half of the award in question be paid from any State funds available for that purpose, although not from the operating budget of the Eleventh Judicial Circuit.
The State defendants next contend that the title "State defendants" is a misnomer, and that their positions at times involve a mixture of State and county functions. However, there is no dispute that the State pays the salaries of the State defendants and the juvenile officer. While it may be true, as the State argues, that it has no control over these defendants, (presumably because the judges of the Eleventh Judicial Circuit are elected, and the juvenile court appoints the juvenile officer, §§ 478.600 and 211.351, R.S.Mo.1978), the same could be said of such elected officials as the Governor and Attorney General of the State of Missouri. Yet the State could not contend that it was not responsible for fees awarded against those individuals in their official capacities. Therefore, the Court rejects the State defendants' argument that they are not actually State defendants.
The State defendants also argue that the doctrine of judicial immunity should be held to bar the award against the judges of the Eleventh Judicial Circuit for actions taken in their judicial capacity. While that issue was not presented in Supreme Court of Virginia v. Consumers Union, 446 U.S. 719, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980), on remand, 505 F.Supp. 822 (E.D.Va.1981), the Third Circuit has held that judicial immunity does not bar an award of attorneys' fees against judges under 42 U.S.C. § 1988. Morrison v. Ayoob, 627 F.2d 669 (3rd Cir. 1980), cert. denied 449 U.S. 1102, 101 S.Ct. 898, 66 L.Ed.2d 828 (1981); cf. Entertainment Concepts, Inc., III v. Maciejewski, 631 F.2d 497 (7th Cir. 1980) cert. denied, 450 U.S. 919, 101 S.Ct. 1366, 67 L.Ed.2d 346 (1981) (no immunity from fee award under § 1988 against municipal officials with qualified immunity from liability). This Court agrees with the reasoning and the holding in Morrison. The doctrine of judicial immunity does not bar the award against the State defendants.
Finally, the State defendants argue that the proportion of fees awarded against them is not congruent with the proportion of plaintiffs' attorneys' time which was devoted to the issue in which the State defendants *774 had an interest. That is, the State defendants argue that the bulk of plaintiffs' attorneys' time was spent on the issue of jail conditions, and because the counties are responsible for maintaining their own juvenile detention centers, the bulk of the award should have been assessed against the counties.
The Court does not have the same degree of certainty as the State defendants that plaintiffs' attorneys spent more time on the jail conditions issue than on the probable cause issue. Even assuming that such is the case, however, the Court does not consider it unjust to require the State to bear one-half of the award, since the plaintiffs have in effect prevailed against the State on one of the two issues in this case. There is no doubt that the probable cause issue was, in terms of impact, as important as the jail conditions issue.
Accordingly, the Court will deny the motion of the State defendants for reconsideration.
Defendant Hilton's motion raises the argument that plaintiffs have not prevailed against him as sheriff of Lincoln County. Defendant Hilton points out that this Court granted summary judgment on May 30, 1980, on the issue of the conditions of confinement in the Lincoln County Jail, because it was clear that under the directives of the Eleventh Judicial Circuit, no juveniles could be detained in the Lincoln County Jail.
The Magistrate recommended, on two bases, that defendant Hilton be among those defendants against whom fees were to be awarded: 1) the plaintiffs prevailed against defendant Hilton on the probable cause determination issue, because the judicial activities in the entire Eleventh Judicial Circuit were affected by this Court's judgment on that issue; and 2) juveniles taken into custody in Lincoln County could be detained in Pike County, and plaintiffs did obtain relief against the conditions in the Pike County jail in the consent judgment. However, in this Court's view, as noted above, the plaintiffs prevailed against the State defendants, not against the county defendants, on the probable cause issue. Moreover, while juveniles from Lincoln County may be detained in Pike County (or St. Charles County) facilities under the Eleventh Judicial Circuit directive of August 2, 1976 (see this Court's memorandum filed May 30, 1980), that situation exists as a result of the directive of the State defendants, not as the result of any decision by defendant Hilton. Moreover, defendant Hilton did not share the responsibility for maintenance of the St. Charles and Pike County jails. The Court cannot simply assume that if Lincoln County had had its own juvenile detention facilities, unconstitutional conditions would have prevailed there.
Accordingly, the Court will grant the motion of defendant Hilton to reconsider and amend. The Court will divide the expenses originally awarded against defendant Hilton evenly between the St. Charles County and Pike County defendants, as the juveniles from Lincoln County may be detained in the facilities of both counties. Therefore, the award against each of those defendants will be increased by the sum of $2,436.08.
In accordance with the foregoing,
IT IS HEREBY ORDERED that the motion of defendants Honorable Donald Dalton, Honorable David Dalton, Honorable Fred Rush, Honorable Charles Schroeder, Honorable William Lohmar, Honorable Richard Zerr, and Honorable Kathie Guyton, to alter or amend judgment, be and is DENIED.
IT IS FURTHER ORDERED that the motion of defendant Hilton to reconsider and amend be and is GRANTED, and that that portion of this Court's order of March 30, 1982, assessing $4,872.16 in fees and costs against defendant Hilton be and is rescinded and revoked.[1]
*775 IT IS FURTHER ORDERED that the amount of fees and costs assessed against defendants Uebinger, Schwendemann, Coppage, and Boehmer, in their official capacities, be and is increased to $12,180.41; and that the amount of fees and costs assessed against defendant Jenkins, in his official capacity, be and is increased to $7,308.24.
NOTES
[1] Although defendant Hilton's motion also requests that the award against defendant Honorable Kathie Guyton be reconsidered, defendant Guyton is one of the State defendants, and she was not named in the portion of the Court's order which assessed fees and costs against the Lincoln County defendant.